RECEIVED
DEC 27 2002
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
    DEPUTY CLERK

FILED
DEC 27 2002
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
    DEPUTY CLERK

A02 CA 828 JN
NO. _____

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LISA RIVERS, as Next Friend of KEITH RIVERS, a Minor, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | |
| ROBERT I. KERWOOD, D.O., | § § | **JURY DEMANDED** |
| Defendants. | § § § | |

## Plaintiff's Original Complaint

**TO THE HONORABLE JUDGE OF SAID COURT:**

Comes now, Lisa Rivers, as Next Friend of Keith Rivers, a Minor (hereinafter, "Plaintiff"), complaining of Robert I. Kerwood, D.O. (hereinafter, "Defendant"), and for cause of action would respectfully show as follows:

### 1. PARTIES

1.01. Plaintiff, Lisa Rivers, as Next Friend of Keith Rivers, a Minor, is an individual who is a citizen of the State of Texas.

1.02. Defendant Robert I. Kerwood, D.O., is an individual who is a citizen of the State of California.

### 2. SUBJECT MATTER, JURISDICTION AND VENUE

2.01. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

between the Plaintiff, who is a citizen of the State of Texas and the Defendant, who is a citizen of the State of California.

2.02.   This Court has personal jurisdiction over Defendant pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code 17.042(2) because he committed a tort in the State of Texas.

2.03.   Venue is appropriate in this District under 28 U.S.C. § 1391(a), as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

2.04.   To the extent Texas procedural law applies under TEX.REV.CIV.STAT.ANN. art. 4590i – although it likely does not – Plaintiff has served notice of her intent to sue pursuant to art. 4590i, § 4.01.

3. **DUTIES**

3.01.   At all times material hereto, Defendant Robert I. Kerwood, D.O., was a physician practicing medicine in the State of Texas, who represented to the Plaintiff and the public at large that he was a duly licensed, competent medical doctor.

3.02.   At all times material hereto, there existed a patient/physician relationship between Defendant Robert I. Kerwood D.O. and Lisa Rivers and/or Keith Rivers.

4. **STATEMENT OF FACTS**

4.01.   Lisa Rivers was an obstetrical patient of Defendant Robert I. Kerwood, D.O. Ms. Rivers received her prenatal care from Robert I. Kerwood D.O.

4.02.   Ms. Rivers presented to Lee Memorial Hospital in Giddings, Texas in labor on or about August 10, 1992. Defendant Robert I. Kerwood, D.O. was the admitting physician, and he

attended Ms. Rivers during her labor and delivery. The delivery was complicated by a nuchal cord.

4.03. During delivery, Keith Rivers suffered physical and neurological injuries. The infant had a flaccid right arm at birth. Keith Rivers is limited in his ability to use his right arm and hand. Keith Rivers has undergone two surgeries to treat his brachial plexus injury. He requires physical therapy and continues to suffer from his right brachial plexus injury.

## 5. CLAIMS FOR RELIEF

### A. Robert I. Kerwood, D.O.

5.01. Defendant Robert I. Kerwood, D.O., in the course of rendering medical care and treatment to Lisa Rivers and her infant, Keith Rivers, committed acts and/or omissions which constitute negligence as that term is defined by law, including, but not limited to, the following acts and/or omissions:

a. Failing to timely and properly evaluate, diagnose and treat Lisa Rivers's and/or Keith Rivers's medical condition(s);

b. Failing to timely and properly manage Keith Rivers' nuchal cord;

c. Failing to timely and properly deliver Keith Rivers; and

d. Failing to fully and completely disclose the risks and/or hazards of his proposed treatment plan.

5.02. The above-mentioned acts and/or omissions of the Defendant were singularly and/or cumulatively a proximate cause of the occurrence in question, and the damages alleged by the Plaintiff herein.

6. **DAMAGES**

6.01. As a direct and proximate result of the negligent acts and/or omissions of the Defendant as set out above, Keith Rivers has suffered, and in all reasonable medical probability will, for the remainder of his life, continue to suffer, physical pain, mental anguish, physical impairment, and disfigurement. Further, Plaintiff would show that Keith Rivers will suffer permanent loss of earning capacity for the remainder of his lifetime, and has and will suffer the loss of the society and companionship of his family. All of the above have resulted in damages which are within the jurisdictional limits of this Court, for which Plaintiff now pleads, jointly and severally, against Defendant.

6.02. Plaintiff would show further that each and every negligent act and/or omission of each of the Defendant and their agents as set out in detail above, when viewed objectively from the standpoint of the act or at the time of their occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others in such that each Defendant had actual subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of Lisa Rivers and/or Keith Rivers, and as such, such conduct amounts to malice, as that term is defined by law, so as to give rise to an award of exemplary or punitive damages.

6.03. The negligent acts and/or omissions of Defendant Robert I. Kerwood, D.O. as set forth above demonstrate such an entire want of care as to indicate that the acts/or omissions were the result of actual conscious indifference to the rights, safety, and welfare of Lisa Rivers and/or Keith Rivers and constitute gross negligence and/or malice as those terms are defined by the laws of the State of Texas and require an award of exemplary damages against the Defendant. By reason of such conduct, Plaintiff is entitled to and therefore asserts a claim for punitive or

exemplary damages in an amount sufficient to punish and deter Defendant Robert I. Kerwood, D.O. and others like them from such conduct in the future.

## 7. REQUEST FOR JURY TRIAL

7.01. Plaintiff demands trial by jury.

## 8. PRAYER

8.01. Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final determination of these causes of action, Plaintiff receive a judgment against Defendant, awarding the Plaintiff as follows:

- a. Actual damages alleged herein, in an amount in excess of the minimal limits of the Court against the named Defendant;
- b. Punitive damages as alleged by the Plaintiff against Defendant;
- c. Costs of court;
- d. Prejudgment interest at the highest rate allowed by law from the earliest time allowed by law;
- e. Interest on the judgment at the highest legal rate from the date of judgment until collected; and
- f. All such other and further relief at law and in equity to which the Plaintiff may show themselves to be justly entitled.

Respectfully submitted,

MORGAN & WEISBROD, L.L.P.

By: /s/ David R. Norton  12/26/0
LES WEISBROD
State Bar No. 21104900
DAVID R. NORTON
State Bar No. 15103900

11551 Forest Central Drive
Suite 300
Dallas, Texas 75243
Phone: (214) 373-3761
Fax: (214) 739-4732

**ATTORNEYS FOR THE PLAINTIFF**